IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN GAGLIARDI,

    Plaintiff,

v.

HON. DONALD J. LEE, et al.,

    Defendants.

CIVIL ACTION NO.  3:02-CV-1126

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is Plaintiff's Motion for Relief From Judgment or Order filed pursuant to Rule 60(b)(1)-(3), (5), (6) of the Federal Rules of Civil Procedure. (Doc. 57.)  For the following reasons, Plaintiff's motion will be denied.

On March 23, 2005, the Court granted Defendants' Motion to Dismiss (Doc. 23) as to all Defendants. (Doc. 48.)  On June 3, 2005, Plaintiff's Motion for Reconsideration (Doc. 49) was denied. (Doc. 54.)  On November 16, 2005, the Court of Appeals for the Third Circuit affirmed the Court's decision to dismiss Plaintiff's Complaint. (Doc. 58.)

Plaintiff's claims seeking recusal of Judges Lee, Ziegler and Cindrich were dismissed as being moot. (Doc. 48 at 13.)  Claims against Judge Lancaster were dismissed for lack of jurisdiction and because he was entitled to absolute immunity. (*Id.*)  Furthermore, claims against Judge Cindrich were dismissed because he was entitled to prosecutorial immunity. (*Id.*)  Plaintiff essentially agreed with the ruling (Doc. 49, ¶ 4) except as to Judge Cindrich in his capacity as an United States Attorney for the Western District of Pennsylvania (*Id.,* ¶ 5).  Plaintiff argued that Judge Cindrich had sought to "neutralize the

[Plaintiff's] credibility . . . as a witness to fraud perpetrated by the AT&T/Bell Systems by implicating him into a totally unrelated municipal corruption sting investigation. . . ." (*Id.,* ¶ 5.)

In Plaintiff's present motion, he seeks to introduce into evidence, three audio tape recordings of conversations between Plaintiff and informer Clifford Anderson. (Doc. 57, ¶ 6.) Plaintiff explains that the recordings have been redacted and one could only hear portions of Plaintiff's voice and that of a televised news broadcast. (*Id.*) This telecast was news about a scandal involving AT&T/ Bell Systems Western Electronic Company. (*Id.,* ¶18.) Plaintiff argues that this evidence proves that there is a connection between his whistle blowing activity and the undercover investigation operation that was undertaken by Judge Cindrich. (*Id.,* ¶19.) Hence, Plaintiff filed this Rule 60(b) motion seeking relief from the Court's March 23, 2005 judgment.

For a motion to be granted under Rule 60(b), it "shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." FED. R. CIV. P. 60(b). Since Plaintiff filed this motion about fourteen (14) months after the Court issued the opinion and order, his motion is untimely. *See Yelverton v. Lehman,* No. 94-6114, 1998 U.S. Dist. LEXIS 13794, at *7-8 (E.D. Pa. Sept. 4, 1998) (opining that untimely Rule 60(b) motions should be dismissed). As for Rule 60(b)(5), this section of the Rules allows for relief if, among other reasons, the prior judgment was reversed or vacated. The opposite is true in this case. Plaintiff appealed the ruling of this Court to the Third Circuit Court of Appeals but was unsuccessful.

Relief is also inappropriate under Rule 60(b)(6). Under this section of the Rules, Plaintiff "bears a heavy burden of showing that absent relief, an extreme and unexpected

2

hardship will result." *McAleer v. Philadelphia Parking Auth.*, No. 93-6655, 1996 U.S. Dist. LEXIS 7076, at * 2 (E.D. Pa. May 24, 1995). It is a high burden to meet and a court will not grant it unless the circumstances are extraordinary. *Id.* Plaintiff has not demonstrated that he will suffer any extreme or unexpected hardship if the motion is not granted. Furthermore, the Court of Appeals for the Third Circuit affirmed the Court's ruling and stated that as to Judge Cindrich, "[s]ome of [Plaintiff's] other allegations, notably those concerning nefarious conspiracies with AT&T attorneys, may fall outside the scope of absolute immunity but are too vague and conclusory to survive a motion to dismiss." (Doc.58-2 at 4.) The Court is not convinced that the new evidence is sufficient to grant Plaintiff's motion under Rule 60(b)(6).

For the foregoing reasons, Plaintiff's motion (Doc. 57) will be denied. An appropriate order follows.

_June 9, 2006_
Date

_A. Richard Caputo_
United States District Judge

## N THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN GAGLIARDI,

    Plaintiff,

v.

HON. DONALD J. LEE, et al.,

    Defendants.

CIVIL ACTION NO. 3:02-CV-1126

(JUDGE CAPUTO)

## ORDER

**NOW**, this 9th day of June, 2006, **IT IS HEREBY ORDERED THAT** Plaintiff's Motion for Relief From Judgment or Order (Doc. 57) is **DENIED**.

A. Richard Caputo
United States District Judge